UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AIDAN KAHN, MATTHEW GROBMAN, on
behalf of themselves and other similarly situated
individuals,

                              Plaintiffs,

  - against -

PROFESSIONAL DEBT MEDIATION, INC.;
QUEENS OFFICE TOWER; MURRAY HILL
MARQUIS, LLC; MARQUIS APARTMENTS,

                             Defendants.

-------------------------------------------------------------------x

## COMPLAINT

Plaintiffs Aidan Kahn and Matthew Grobman individually and on behalf of all others similarly situated, by and through his undersigned counsel, alleges as follows:

## NATURE OF THE CASE

1. Plaintiffs bring this putative class action against Defendants Professional Debt Mediation, Inc., Queens Office Tower, Murray Hill Marquis, LLC and Marquis Apartments for violation of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. 1692 et. seq., §349 of New York's General Business Law, as well as common law claims for fraud, breach of contract and unjust enrichment on behalf of themselves and all others similarly situated who were injured by actions of the Defendant.

2. As alleged below, Defendants have violated the above statutes and engaged in other actionable misconduct by Plaintiffs and other similarly situated

1

tenants for fees and expenses which were prohibited including, but not limited to: (i) late fees on late fees; and (ii) monthly charges for water.

## JURISDICTION AND VENUE

3. The Court has subject-matter jurisdiction pursuant the FDCPA, 15 U.S.C.A. §1692K, and the Class Action Fairness Act, 28 USC 1332(d), in that this is a class action involving 100 or more class members and this action involves more than $5 million.

4. This Court also has pendent and/or supplemental jurisdiction over Plaintiffs' common law claims pursuant to 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over the Defendants because they do business within the State of California.

6. Venue is proper pursuant to 28 U.S.C. § 1391(a) in that the Defendants do business within this Judicial District and/or own property within this Judicial District pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

7. Plaintiff Matthew Grobman currently resides at 137 Riverside Drive in New York.

8. Plaintiff Aidan Kahn currently resides at _____.

9. Upon information and belief, Defendant Professional Debt Mediation has its principal location in Jacksonville, Florida.

10. Upon information and belief, Defendant Murray Hill Marquis LLC is a Delaware corporation with its principal office in New York County.

11. Upon information and belief, Defendant Queens Office Tower is a New York corporation its principal office in New York County.

12. Upon information and belief, Defendant Marquis Apartments is a New York corporation with its principal office in New York County (Defendants Marquis Apartments, Queens Office Tower and Murray Hill Marquis will be collectively referred to herein as the "Landlord Defendants").

## **PLAINTIFFS' CLASS ACTION ALLEGATIONS**

13. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of the following classes of persons:

   a. Tenants of the Landlord Defendants from March 2015 to the present who were charged for water usage, or late fees for failing to pay late fees, or any other fees and charges which were not expressly permitted by the governing Leases between the Defendants and the tenant; or

   b. Tenants of the Landlord Defendants from March 2015 to the present who received letters from Professional Debt Mediation demanding payment of purported debts for water usage, or late fees for failing to pay late fees, or any other fees and charges which were not expressly permitted by the governing Leases between the Defendants and the tenant.

14. Excluded from the Class are the Defendants, officers and directors of the Defendants, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

15. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown,

Plaintiffs believe there are thousands of members of the Class geographically dispersed throughout California and the United States.

16. Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of the federal and state laws complained of herein.

17. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by members of the Class may be small, the expense and burden of individual litigation makes it virtually impossible for the Class members to seek redress on an individual basis for the wrongful conduct alleged. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.

**FACTS**

18. From October 2017 to March 2020, plaintiffs were Tenants of apartment unit 2403 in a building owned by Defendant Murray Hill Marquis located at 150 East 34th Street, New York, N.Y. 10016.

19. Plaintiffs entered into an initial lease ("the Lease") with Murray Hill Marquis and Queens Office Tower dated September 25, 2017 with a term of twelve months.

20. In or around October 2018, Plaintiffs renewed their lease for an additional 18 months at a monthly rent of $3,525.00.

21. In or around January 1, 2019, Plaintiffs attempted to pay their monthly rent through ClickPay, a mobile payment service, as permitted by the Landlord Defendants. However, a problem on ClickPay's end prevented the payment from going through, causing Plaintiff's rent payment for the month of January 2019 to be late.

22. Plaintiffs immediately paid the rent once they learned of the problem, and advised the Landlord Defendants that the fault lay with ClickPay. Nevertheless, the Landlord Defendants levied a $100.00 late fee on the Plaintiffs for January 2019.

23. Moreover, though their monthly Rent Payments were timely, the Landlord Defendants apparently charged Plaintiffs with late fees in subsequent months because of the failure to pay the initial January 2019 late fee.

24. Plaintiffs repeatedly attempted to resolve this matter with the Landlord Defendants and their agents, to no avail.

25. Plaintiffs lease ended on March 31, 2020. Shortly thereafter, each of the Plaintiffs started receiving letters from Defendant Professional Debt Mediation indicating that the Plaintiffs owed a debt to the Landlord Defendants, and demanding that it be paid.

26. By letter dated August 6, 2020, Plaintiffs received a Validation of Debt from Professional Debt Mediation, indicating that they owed $1,072.77 to the Landlord Defendants. In an accompanying statement, the Defendants itemized the alleged debt as follows:

- $980.00 for "Balance as of 3/1/2020";
- $35.12 for a "Water Usage Charge" for Jan. 2020;
- $42.77 for "Water Usage Charge" for Feb. 2020;
- $50.00 for a late charge.

22. Thereafter, Defendants sent numerous letters to the Plaintiffs demanding the payment of the $1,072.77 which was purportedly "seriously delinquent." Among other

5

letters, collection letters were sent by Professional Debt Mediation on the Landlord Defendants behalf on September 18, 2020 and October 13, 2020.

23. On or about December 11, 2020, counsel for Plaintiffs wrote to Professional Debt Mediation disputing the alleged debt. Among other things, Plaintiffs' counsel's letter demanded that Defendants provide a breakdown for the $980 balance purportedly due as of March 1, 2020.

24. Plaintiffs' letter also stated that, to the extent that the $980.00 purported balance consisted of monthly late fees charged for the failure to pay prior late fees, that was contrary to the Lease between the parties, and in any event illegal.

25. Moreover, Plaintiffs' letter also pointed out that the Lease does not allow for the imposition of water charges.

26. The letter also advised Professional Debt Mediation that the purported delinquency was impacting the Plaintiffs' credit scores, and demanded that Defendants "take immediate action to rectify this matter."

27. On February 28, 2021, Plaintiffs finally received a response from Professional Debt Mediation on behalf of the Landlord Defendants. In the letter, Professional Debt Mediation indicated that the "Amount Due" was $1022.77, but said that its clients would "release [Plaintiffs] from any and all claims and liabilities" if they paid $142.77. No explanation of that amount was given.

28.. Defendants also said that, upon payment, they would submit deletions "of any negative credit reporting trade lines regarding" Plaintiffs "to all three major credit bureaus."

## FIRST CAUSE OF ACTION

### (Violation of the FDCPA against Professional Debt Mediation)

29. Plaintiffs repeat and reallege each of the prior allegations as if fully set forth herein.

30. Defendant Professional Debt Mediation regularly collects or attempts to collect debts owed or due or asserted to be owed or due to a third party, and is therefore a debt collector within the meaning of §1692a of the FDCPA.

31. The fees and expenses which were demanded by Professional Debt Mediation in the form letters directed to Plaintiffs and others constitute "debts" within the meaning of §1692a of the FDCPA.

32. In demanding water usage fees, late fees and other fees from Defendants which were not owed, Professional Debt Mediation violated §1692f(1) of the FDCPA.

33. In demanding water usage fees, late fees and other fees from Defendants which were not owed, Professional Debt Mediation violated §1692e(2)(a) of the FDCPA.

34. As a result of the above, Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### (Violation of §349 of the GBL Against All Defendants)

35. Plaintiffs repeat and reallege each of the prior allegations in this Complaint as if fully set forth herein.

36. Defendants demand for and assessment of fees which were not permitted under the form Lease and/or relevant law constitute deceptive acts and practices in violation of §349 of New York's General Business Law.

37. The challenged conduct is consumer-oriented. The Landlord Defendants are part of a corporate organization which owns tens of thousands of apartments in New York City, utilizing identical or similar form Leases as those present here, employing the same managing agents, and implementing the same tactics and debt collection practices. Thus, there is every reason to believe that the improper practices complained of here are not isolated, but are part of a systematic practice to charge tenants for improper water usage charges, late fees and other charges which are prohibited.

38. Plaintiffs have been damaged by the defendants' deceptive conduct, in that they have paid fees which were not owed, have incurred expenses associated with attempting to get Defendants to drop the challenged charges, and have also incurred damages as a result of a lower credit score.

### THIRD CAUSE OF ACTION

**(Breach of Contract against the Landlord Defendants)**

39. Plaintiffs repeat and reallege each of the prior allegations in this Complaint as if fully set forth herein.

40. In charging Plaintiffs for water usage fees, the Landlord Defendants breached ¶¶3 and 12 of the Lease, among others.

41. In charging Plaintiffs for late fees on late fees, the Landlord Defendants breached ¶3 of the Lease, among others.

42. Plaintiffs have been damaged as a result of the Landlord Defendants breaches, in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request relief as follows:

(a) that this Court award judgment for the Plaintiffs on the above-referenced claims;

(b) that this Court certify a class (or class's) of individuals described in Paragraph 13 above; and

(c) that this Court award attorney's fees, and such other and further relief as the Court deems just and proper.

Dated: March 4, 2021

PAUL GROBMAN, ESQ.
BY:__//Paul Grobman//_____
Paul S. Grobman (PG 1876)

THE LAW OFFICES OF PAUL GROBMAN
555 Fifth Avenue, 17th Floor
New York, N Y 10017
212 983-5880

Attorneys for Plaintiffs and the Putative Class